**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, ) | No. CV-11-1896-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Kenton D. Jones, in his official capacity as Yavapai County Superior Court Judge; Robert M. Brutinel, in his official capacity of Arizona Supreme Court Justice; John Pelander, in his official capacity of Arizona Supreme Court Justice; W. Scott Bales, in his official capacity of Arizona Supreme Court Justice; Andrew D. Hurwitz, in his official capacity of Arizona Supreme Court Justice; Rebecca White Berch, in his official capacity of Arizona Supreme Court Justice; Unknown Parties, John or Jane Does I-M, in their official capacity of judicial officer in and for the State of Arizona, ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff's Petition for Emergency Temporary Restraining Order (without notice), Motion for Preliminary Injunction, and Verified Complaint for Injunctive & Declaratory Relief (Doc. 1); and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court will grant the application to proceed in forma pauperis. The Court will, however, deny Defendant's requested Temporary Restraining Order without notice.

**Analysis**

Plaintiff asks this Court to issue a temporary restraining order without notice. Fed. R. Civ. P. 65(b) permits the Court to do so only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.' Plaintiff has not met that burden.

According to the allegations of Plaintiff's Petition for Emergency Temporary Restraining Order, Motion For Preliminary Injunction and Verified Complaint for Injunctive & Declaratory Relief (Doc. 1), Plaintiff was served, on Friday, September 16, with a Civil Injunction Against Harassment which restrains him from taking specified actions with respect to Melody Thomas-Morgan. Plaintiff argues that Judge Jones's determination that he has threatened Ms. Thomas-Morgan violates or chills his First Amendment Rights to speak on his internet blog. Plaintiff further argues that the injunction, as issued, unconstitutionally prohibits him from possessing firearms during the term of the injunction.

Plaintiff thus asks this Court to take jurisdiction over this matter and without notice order Judge Jones, the Yavapai County Superior Court Judge issuing the injunction, to vacate the injunction immediately because it chills Plaintiff's right to freedom of speech and deprives him of his right to bear arms. Plaintiff further requests the Court to: (1) declare Arizona Rules of Procedure on Orders of Protection 6(E)(4)(e)(2) unconstitutional; (2) order the Justices of the Supreme Court to repeal it; and (3) enjoin the Arizona Supreme Court, and by extension, all judicial officers from issuing said injunctions. He further requests that the Court order that Plaintiff's name be removed from the NCIC database on which he alleges he will be placed due to the issuance of the injunction and that we further allow him to audit that database to confirm his removal from it.

Of course, pursuant to Arizona law, in those cases in which an injunction is issued without notice, which this one apparently was, Plaintiff is entitled to an expedited hearing if he wishes, to challenge the injunction at the earliest possible date and not later than ten

1 days after Plaintiff's request. A.R.S. § 12-1809(H) (Supp. 2010). Plaintiff alleges that even
2 if he brings such a challenge, ten days would not be a sufficient time in which to prepare his
3 case, and, on the other hand, if he lost, appellate relief would take too long. This argument
4 is belied by the extensive arguments he has set forth in his motion. Plaintiff is currently
5 aware of the legitimate bases on which to challenge the injunction if he wishes to do so in
6 state court.

7 Injunctions against harassment are generally the province of state courts. This Court,
8 does not necessarily know all the facts under which the state court determined that the
9 injunction without notice should issue to the Plaintiff in this matter. Thus, it cannot
10 determine the extent, if any, to which Plaintiff is suffering immediate and irreparable injury
11 by virtue of the injunction without giving Defendants the opportunity to be heard. At any
12 rate "adequate state court review"of Judge Jones' order is available on an expedited basis
13 before Judge Jones himself, and, if necessary the Arizona appellate courts. Further, as
14 Plaintiff's Complaint ably sets forth, the appropriate interpretation of the scope of the
15 injunction is subject to arguments under both state and federal law, and Plaintiff asserts could
16 be invalidated under either or both. This, thus appears to be a case in which it may be
17 appropriate for this Court to abstain from exercising its jurisdiction under *Railroad Comm'n*
18 *of Texas v. Pullman Co.,* 312 U.S. 496 (1941). In such cases, it is appropriate for a federal
19 court to abstain from exercising its jurisdiction until the state courts have had the opportunity
20 to decide the question to determine whether an appropriate application of state law avoids
21 any federal questions.

22 Given the circumstances present here, Plaintiff is not eligible for the entry of a TRO
23 without notice.

24 **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District
25 Court Without Prepaying Fees or Costs (Doc. 2) is granted. Plaintiff shall be responsible
26 for service by waiver or of the summons and complaint

27 **IT IS FURTHER ORDERED** that Plaintiff's Application for Emergency Temporary
28 Restraining Order (Doc. 1) is denied.

1     DATED this 3rd day of October, 2011.

                                     */s/ A. Murray Snow*

                                     G. Murray Snow
                                     United States District Judge