P. "Mike" Palmer
18402 N. 19th Ave., #109
Phoenix, AZ 85023
602-513-3738 (cell)
Pro Se

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER MICHAEL PALMER,<br><br>Plaintiff<br><br>vs.<br><br>KENTON D. JONES, et al.<br><br>Defendants | 11-CV-1896-PHX-GMS<br><br>**PLAINTIFF'S<br>EMERGENCY MOTION<br>FOR DISQUALIFICATION OF<br>ATTORNEY GENERAL**<br><br>(Title 42 U.S.C. §1983) |

    Pro se plaintiff moves this Court to immediately disqualify Tom Horne, the Arizona State Attorney General—and by extension, the Office of the State Attorney General—from appearing in this action as counsel for defendants in this case of first impression.

    Given the uniqueness of this case, this motion may require an immediate ex parte determination by the Court. For to allow the Attorney General to respond where his disqualification is unequivocally required will only compound attorney misconduct.

    Similarly, perhaps the Court could consider this an Emergency ex parte motion to enter partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, as there is no genuine dispute as to several material facts, and as these issues are a matter of law.

    Plaintiff files an Emergency motion because, in addition to all the reasons given previously for expediting this action, the longer the Attorney General represents

defendants, the more conflicted his is as an expert witness to plaintiff. (Due to attorney/client privilege with defendants.) And the longer the Attorney General improperly responds or replies to motions, the greater his ethical violations.

## MEMORANDUM AND POINTS OF AUTHORITIES

### INTRODUCTION

This Court (GMS) was once a judge in the Arizona Court of Appeals and once handled a case touching on the duties of the Arizona Attorney General. *(Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 160 P.3d 1216). So this Court is familiar with these matters.[1]

In fact, were this matter to be tried in state, then, quoting former Arizona appellate court Judge Snow in *Yes on Prop 8*, "the Declaratory Judgments Act requires that the Attorney General be served with a copy of the complaint, together with a claim of unconstitutionality, and be allowed to respond on behalf of the State. A.R.S. § 12–1841" (*Id.* ¶ 33). That is, the Attorney General has an affirmative duty to make an unbiased determination if the defendants have violated the State Constitution. But since the Attorney General is defending the defendants, he has made this determination already and is therefore, inextricably prejudiced. **This fact precludes the federal court from abstaining**, since there is no way to undo this error. Plaintiff cannot now go to state, serve the Attorney General with this federal complaint as required by law and expect an unbiased response from the Attorney General. This matter must be decided in the federal court.

By choosing to represent the judicial branch in this unique action involving a prima facie constitutional violation of Distribution of Powers, the Arizona Attorney

---

[1] **It just now occurs to plaintiff that because Judge Snow was a member of the Arizona Court of Appeals up until 2008, he personally knows and worked with some of the defendant Justices of the Arizona Supreme Court. Presumably the brethren are his friends. Thus, Judge Snow has "a personal bias or prejudice concerning a party" and has had an affirmative duty to recuse from this action.**

General has created several conflicts of interest for himself, may be acting unlawfully, and is acting unethically. Per 32 Am. Jur. 2d Federal Courts § 160, "A motion to disqualify counsel is the proper method for a party-litigant to bring an issue of conflict of interest or breach of an ethical duty to the court's attention."

**CONFLICT OF INTEREST**

A.R.S. § 41-192(A) defines the Attorney General as "chief legal officer of the state." Since this action charges several violations of the state constitution by defendants, plaintiff intends to call the chief legal officer of the state as an expert witness. There is no one else in the state who can testify as to whether the judicial branch ("department" in the Constitution) has violated Article III of the Arizona Constitution by "exercis[ing] the powers properly belonging to either of the others." (Count Five in plaintiff's ZAC, Doc. 5.) There is no one else who can testify whether an ex parte action (as in A.R.S. § 12-1809) violates the Arizona Constitution's Article II, Section 4 (plaintiff's Count Eight, *Id.*). Etc. For this reason alone, since plaintiff cannot call defendants' attorney as a needed and necessary witness, the Attorney General must be disqualified from representing defendants so he can be a material witness for plaintiff.

The Attorney General swore an oath to "support the Constitution of the United States and the Constitution and laws of the State of Arizona, that I will bear true faith and allegiance to the same and defend them against all enemies, foreign and domestic, and that I will faithfully and impartially discharge the duties of the office of Attorney General according to the best of my ability, so help me God (or so I do affirm)." (A.R.S. § 38-231.) Arizona court of appeals Judge Snow said in *Yes on Prop 200*, citing Article III, "Our system of government prohibits one branch of the government from exercising the powers granted to another branch of the government."[2] (*Id.* ¶ 16) To the extent that

---

[2] Interestingly, Arizona appellate court Judge Snow also said there that, " We have held that a court abuses its discretion when it commits a legal error in the process of exercising its discretion." *Id.* ¶ 7.

the defendants have violated the Arizona Constitution's Distribution of Powers, they are "enemies, domestic." It is inconsistent that the Attorney General could impartially discharge the duties of his office by defending violators of the constitution.

Further, Article V, Section 1 of the Arizona Constitution defines the Attorney General as part of the Executive branch of Arizona government. As such, he represents the Governor in legal actions by default. To wit, the Attorney General represents the Governor in a case in this Court, *United Food & Commercial Workers Local 99 v. Brewer*, CV-11-921-PHX-GMS. So when it comes to the issue of Distribution of Powers, the Attorney General has a de facto duty to argue for the executive. But instead, he has conflicted himself here by arguing for the judicial, the very branch who is accused of usurping the executive's power by making and promulgating "law." Really, as the Governor's attorney, the Attorney General should be moving this court to include the governor as an Intervenor and should represent the governor's interest here.

Along similar lines, two weeks ago, plaintiff hand delivered a copy of this complaint to the Counsel for the Governor (Mr. Joe Sciarrotta), asking the Governor to be an Intervenor in this matter and/or seek an Opinion from the Attorney General about such. At the same time, plaintiff hand delivered copies of this complaint to the Counsel for the Arizona Senate (Mr. Greg Jernigan), the Counsel for the Arizona House of Representatives (Mr. Peter Gentala) and plaintiff's State Senator (Senator Lori Klein), asking them to be Intervenors and/or, pursuant to A.R.S. § 41-193(7), to request an Opinion from the Attorney General as to their rights to Intervene in this matter. (Plaintiff intends to make future requests of other Legislators as well.)

Plaintiff does not know what action the above have taken or whether such will be pending in the future. Plaintiff presumes he cannot make a "reasonable inquiry," since such requests between them and the Attorney General would be covered by attorney/client privilege. Nevertheless, the specter exists for a bona fide conflict of interest if any of the above have requested such an Opinion or action from the Attorney

1 General regarding this Complaint.

2 Also, the Attorney General is an officer of the court. Thus he has two masters, the Governor and the Justice defendants. No man can serve two masters. He has already chosen the Justices.[3]

5 A.R.S. § 41.192(A)(7) authorizes the Attorney General to "Organize the civil rights division within the department of law and administer such division pursuant to the powers and duties provided in chapter 9 of this title." Knowing the civil rights violations "alleged" in this action, the Attorney General has a duty to investigate. Plaintiff may file a formal civil right complaint in the future. Clearly, the Attorney General would be conflicted investigating that complaint while at the same time defending (or after having defended) this complaint.

12 The Attorney General is a defendant in the case of *United Food*, which touches on A.R.S. § 12-1809, a key statute in this instant action. (See *United Food's* FAC, Doc. 8 as well as other Doc's.) Therefore, the Attorney General has a bias and interest in this instant action and cannot represent defendants.

**NO LAWFUL BASIS**

17 A.R.S. § 41.193 empowers the Attorney General to "[r]epresent the state in any action in a federal court." It has previously been argued that the State is not a real party of interest in this action because the defendants are clearly acting outside their power, per Article III of the Arizona Constitution. (See plaintiff's Response to Defendants' Motion to Dismiss, Doc. 22.) This is not a "state interest." ARPOP Rule 6(E)(4)(e)(2) is not a statute. (ZAC, Doc.5 ¶ 50.) Therefore, by definition, defendants do not represent the state and the Attorney General has no authority to represent them as such.

24 Likewise, per A.R.S. § 41-621, the Attorney General may not represent defendants because they acted outside the "course and scope of [their] employment." See

---

[3] I ask the Court to take judicial notice of Jesus' observation: "he will be devoted to the one and despise the other."

especially § 41-621(R).

**VIOLATIONS OF ETHICS RULES**

Ironically, defendant Justices are responsible for Ethics Rules that catch the Attorney General here. As one would expect, conflict of interests and acting absent law triggers violations of ethics.

Per 17A A.R.S. Sup. Ct. Rules 41 (b), "The duties and obligations of members shall be: To support the constitution and the laws of the United States and of this state." As stated before under Conflict of Interest, the Attorney General is in violation of his oath of office in several instances. Hence this ethic too.

Continuing on to Rule 41(d), the duties and obligations shall be: "To counsel or maintain no other action, proceeding or defense than those which appear to him legal and just, excepting the defense of a person charged with a public offense." This is not a criminal matter (i.e., "public offense" as defined by A.R.S. § 13-105(27).) For all the reasons stated previously, the Attorney General cannot consider this action legal or just. Therefore, he is in violation of this Ethic Rule.

17A A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 1.7 (a): ". . . a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." As stated previously, the Attorney General has a duty to the Governor here, and perhaps the Legislature (or Legislators) as well. Therefore, the Attorney General is in violation of E.R. 1.7(1) and/or (2).

E.R. 8.3(b) says "A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority." Here the Attorney General is

aware that (or of allegations that) defendants have violated, as a minimum, Article III of the Arizona Constitution. He has a duty to report the defendants to the appropriate authority. Which, in this case of first impression, would be the Arizona House of Representatives for impeachment. He has not done this, nor can he do so as defendants' attorney. His duty to the state comes first, yet he has not disqualified himself from defending defendants.

**CONCLUSION**

A.R.S. § 41.192(F) provides "If the attorney general determines that he is disqualified from providing judicial or quasi-judicial legal representation or legal services on behalf of any state agency in relation to any matter, the attorney general shall give written notification to the state agency affected. If the agency has received written notification from the attorney general that the attorney general is disqualified from providing judicial or quasi-judicial legal representation or legal services in relation to any particular matter, the state agency is authorized to make expenditures and incur indebtedness to employ attorneys to provide the representation or services."

The Attorney General has not done this. It is up to this Court to force the matter.

**THEREFORE**, for any of these reasons, this Court must disqualify the Arizona Attorney General—and, by extension, the Office of the Attorney General—from appearing in this action as counsel for defendants.

Plaintiff has lodged a proposed order as a contingency if the Court does not consider this a Rule 56 motion.

SUBMITTED this 16 day of November, 2011

By: /s/ P. Michael Palmer
P. Michael Palmer
18402 N. 19th Ave., #109
Phoenix, AZ 85023
602-513-3738

**Certificate of Service:**

Copies of the foregoing mailed via
U.S. Mail on November 16, 2011 to:

Pamela J. Linnins
1275 W. Washington
Phoenix, AZ 85007