Thomas C. Horne
Attorney General
(Firm State Bar No. 14000)

Pamela J. Linnins
Assistant Attorney General
State Bar No. 019941
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 364-1523
Facsimile: (602) 542-4385
Pamela.Linnins@azag.gov
adminlaw@azag.gov
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER MICHAEL PALMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KENTON D. JONES, in his official capacity as Yavapai County Superior Court Judge; ROBERT M. BRUTINEL, in his official capacity of Arizona Supreme Court Justice; JOHN PELANDER, in his official capacity of Arizona Supreme Court Justice; W. SCOTT BALES, in his official capacity of Arizona Supreme Court Justice; ANDREW D. HURWITZ, in his official capacity of Arizona Supreme Court Vice Chief Justice; REBECCA WHITE BERCH, in her official capacity of Arizona Supreme Court Justice; John or Jane Does, in their official capacity of judicial officer in and for the State of Arizona<br><br>Defendants. | **Case No: 11-CV-1896-PHX-GMS**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

Defendants, by undersigned counsel, hereby files their Reply in Support

of Motion to Dismiss Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing this case as this Court lacks subject matter jurisdiction and the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## ARGUMENTS

Rather than fairly address the substance of the Motion to Dismiss, Plaintiff instead attempts to import even more irrelevant and specious material into his argument, as evidenced by his attachment of Exhibits 1 and 2 and discussion of the same matter. Plaintiff fails to adequately address several of the arguments present in the Motion to Dismiss. Each and every argument presented in the Motion to Dismiss is an appropriate ground on which this matter should be dismissed. The failure to adequately address any of Defendants' argument is a de facto admission by Plaintiff that the arguments are legally viable and would be an appropriate legal basis on which to dismiss the complaint. Accordingly, Plaintiff's Complaint should be dismissed on that basis alone.

<u>Defendants are immune from suit in this Court under the Eleventh Amendment</u>

While the Defendants have not waived their Eleventh Amendment immunity, Plaintiff completely fails to address the argument or controvert it in any manner. As Plaintiff has not addressed this argument, it can only be construed as his admission of it. Accordingly, there is no subject matter jurisdiction in this Court to entertain this action and the Complaint must be dismissed.

<u>Defendants are immune from suit for judicial acts under judicial immunity.</u>

Plaintiff argues ad nauseam that the Defendants have acted outside of their judicial immunity. Specifically, Plaintiff claims that Judge Jones' application of the laws governing the Injunction against Harassment was incorrectly applied. For the sake

of argument only, even if Judge Jones made a mistake in his application of law, the conduct was still judicial conduct and does not remove the protective cloak of judicial immunity. Common law has long recognized judicial immunity for acts performed by judges that relate to the judicial process. *In re Castillo*, 297 F. 3d 940, 947 (9th Cir. Court of Appeals, 2002). See, e.g., *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity protects judges from charges of erroneous acts or when the exercise of that judicial authority is flawed by procedural errors. *Castillo* at 947. See, e.g. *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538; *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Most judicial errors are open to correction through appeal. *Castillo* at 947. (citing to *Forrester*, 484 U.S. at 227, 108 S.Ct. 538). However, it is incumbent on the party who believes they have been wronged in this manner to seek that appeal.

To the extent that Plaintiff is arguing that any mistake in the application of law constituted a deprivation of due process, the United States Supreme Court recently stated in *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 863 (2011), that it is long recognized that a mistake in the application of law is not a violation of due process. (citing to *Engle v. Isaac*, 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Plaintiff offers no real argument to rebut that the Arizona Supreme Court was proper in its creation of the Arizona Rules of Protective Order Procedure ("Rules"), relying on Article III of the Arizona Constitution, entitled "Distribution of Powers." However, the Arizona Constitution specifically authorizes the Arizona Supreme Court to create rules relating to procedural matters within Arizona courts, which the Rules are. Ariz. Const. art. VI, § 5(5). Because the creation of the Rules was proper, judicial immunity remains intact.

///

///

<u>The Plaintiff is seeking a de facto injunction against State court operations.</u>

Plaintiff seeks an order from this Court directing the state court to vacate or reverse the rulings it has made and prohibit its future use of the Rules at issue here. This is both an attempt to seek appellate review in this Court rather than the appropriate state court and a request for a de facto injunction. As stated on the Motion to Dismiss, federal courts cannot enjoin state court proceedings unless expressly authorized by statute, to protect the court's own jurisdiction or for the efficacy of its own judgments. *McFarland v. Scott*, 512 U.S. 849 (1994); *Mitchum v. Foster*, 407 U.S. 225, 226 (1972). Plaintiff's request also amounts to a declaration that the state court judge's ruling was erroneous. Mistake in the application of law was discussed in greater detail earlier as it relates to judicial immunity.

<u>Plaintiffs' claims against the Defendants are barred by the Doctrine of Abstention.</u>

The Doctrine of Abstention was fully discussed in the Motion to Dismiss and in the interest of judicial economy will not be further discussed in great depth. Plaintiff admits in his Response that he has not chosen to challenge Judge Jones' action in any state court. Doc. 22, Pg. 5, Ln. 11-12. Plaintiff's failure to act is not the fault of any of the listed defendants. Plaintiff's inaction should not be permitted to create additional remedies of his own choosing. This is forum shopping at its most basic. Refer to the earlier argument regarding judicial immunity.

<u>Plaintiff's claims against the Defendants are barred by the *Rooker-Feldman* Doctrine.</u>

Plaintiff's demands themselves, the review and reversal of a state court decision, demonstrate that there is no subject matter jurisdiction that would permit this Court to hear this matter. Federal review of state court decisions, known as the *Rooker-Feldman* Doctrine, is only proper before the United States Supreme Court and only pursuant to U.S.C. § 1257. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482

(1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). This Court can only find in favor of the Plaintiff by finding that Judge Jones was wrong. This review of state action is barred under the application of the *Rooker-Feldman* Doctrine. *Doe & Associates Law Offices v. Napolitano,* 252 F.3d, 1026, 1029-1030 (9th Cir. 2001).

<u>Plaintiff makes no request for which relief can be granted.</u>

Plaintiff demanded that his name be removed from the NCIC and he be permitted to audit NCIC to confirm the removal. This matter involves only the Defendants who have been named in this suit and the Plaintiff himself. Plaintiff admits in his Response that only the federal court could potentially have the authority to order an audit of NCIC. Doc. 22, Pg. 13, Ln. 5, 25-26. As the Defendants have no authority regarding NCIC and Plaintiff admits this, Defendants must be dismissed from this suit as Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Plaintiff's Complaint be dismissed for lack of both subject matter jurisdiction as well as failure to state a claim upon which relief can be granted as against them.

RESPECTFULLY SUBMITTED this 22 day of November, 2011.

THOMAS C. HORNE
Attorney General

s/ Pamela J. Linnins
Pamela J. Linnins
Assistant Attorney General
Attorneys for Defendant

## CERTIFICATE OF SERVICE

_X_ I hereby certify that on November 22, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing .

__X__ I hereby certify that on November 22, 2011, I caused the attached document to be served by first class mail to:

P. Mike Palmer
18402 N. 19th Avenue #109
Phoenix, AZ  85023
602-513-3738
Pro Se

2401981