1
Thomas C. Horne
Attorney General
(Firm State Bar No. 14000)
2

3
Pamela J. Linnins
Assistant Attorney General
State Bar No. 019941
4
1275 W. Washington
Phoenix, Arizona 85007–2997
5
Telephone: (602) 364-1523
Facsimile: (602) 542-4385
6
Pamela.Linnins@azag.gov
adminlaw@azag.gov
7
Attorneys for Defendants

8

9          **IN THE UNITED STATES DISTRICT COURT**

10              **FOR THE DISTRICT OF ARIZONA**

11

12   PETER MICHAEL PALMER, an individual,      | **Case No: 11-CV-1896-PHX-GMS**

13                    Plaintiff,

14   v.                                         | **DEFENDANT'S RESPONSE TO MOTION TO DISQUALIFY ATTORNEY GENERAL**

15   KENTON D. JONES, in his official capacity as

16   Yavapai County Superior Court Judge;
ROBERT M. BRUTINEL, in his official
17   capacity of Arizona Supreme Court Justice;
JOHN PELANDER, in his official capacity of
18   Arizona Supreme Court Justice; W. SCOTT
BALES, in his official capacity of Arizona
19   Supreme Court Justice; ANDREW D.
HURWITZ, in his official capacity of Arizona
20   Supreme Court Vice Chief Justice; REBECCA
WHITE BERCH, in her official capacity of
21   Arizona Supreme Court Justice; John or Jane
Does, in their official capacity of judicial officer
22   in and for the State of Arizona

23

24                    Defendants.

25

26          Defendants, by undersigned counsel, hereby files their Response To

1

1  Plaintiff's Motion to Disqualify the Attorney General.  Counsel asks this Court to Deny

2  Plaintiff's Motion to Disqualify the Attorney General for the reasons that follow.

3

4  **ARGUMENTS**

5  Defendants Have Judicial Immunity and Are Entitled to Representation

6       Plaintiff again raises the argument that Defendants have acted outside of the

7  scope of their official duties and have given up judicial immunity for their actions, thus

8  giving the Attorney General's Office no lawful basis on which it can represent the

9  Defendants.  Although this argument has been thoroughly discussed in Defendant's

10  Reply in Support of Motion to Dismiss, Counsel will briefly revisit the argument for the

    Court's convenience.

11       For the sake of argument only, even if Judge Jones made a mistake in his

12  application of law, the conduct was still judicial conduct and does not remove the

13  protective cloak of judicial immunity.  Common law has long recognized judicial

14  immunity for acts performed by judges that relate to the judicial process.  *In re Castillo*,

15  297 F. 3d 940, 947 (9th Cir. 2002).  *See, e.g., Forrester v. White,* 484 U.S. 219, 225,

16  108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96

17  S.Ct. 984, 47 L.Ed.2d 128 (1976).  This absolute immunity protects judges from charges

18  of erroneous acts or when the exercise of that judicial authority is flawed by procedural

19  errors.  *Castillo* at 947.  See, e.g. *Forrester,* 484 U.S. at 227-28, 108 S.Ct. 538; *Stump v.*

20  *Sparkman,* 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  Most judicial

21  errors are open to correction through appeal.  *Castillo* at 947.  (citing to *Forrester,* 484

22  U.S. at 227, 108 S.Ct. 538).  However, it is incumbent on the party who believes they

23  have been wronged in this manner to seek that appeal.

24       To the extent that Plaintiff is arguing that any mistake in the application of law

25  constituted a deprivation of due process, the United States Supreme Court recently

    stated in *Swarthout v. Cooke,* ___ U.S. ___, 131 S.Ct. 859, 863 (2011), that it is long

26

recognized that a mistake in the application of law is not a violation of due process. (citing to *Engle v. Isaac,* 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).   Plaintiff offers no real argument to rebut that the Arizona Supreme Court was proper in its creation of the Arizona Rules of Protective Order Procedure ("Rules").   He relies on Article III of the Arizona Constitution, entitled "Distribution of Powers." However, the Arizona Constitution specifically authorizes the Arizona Supreme Court to create rules relating to procedural matters within Arizona courts, which the Rules are. Ariz. Const. art. VI, § 5(5).   Because the creation of the Rules was proper, judicial immunity remains intact.

As judicial immunity remains intact, the Defendants are entitled to Attorney General representation pursuant to the A.R.S. § 41-192(A)(1).   Unless, the legislature determines otherwise, courts must use the Attorney General in representation of all matters as only those state agencies that have been exempted from using the Attorney General as legal counsel may do so.   The judicial branch is not enumerated among the exemptions specified under A.R.S. § 41-192(E).

Previous court findings have determined that this was the legislature's method of preventing the duplication and waste of state salaries.   *State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 196, 124 P.2d 768, 774 (1942).   Judges have also specifically been found to be entitled to legal representation where the judge is a named respondent. *Hurles v. Superior Court*, 174 Ariz. 331-332, 849 P.2d 1-2 (1993).   Thus, the Defendants are entitled to Attorney General representation.

<u>Plaintiff Lacks Standing to Raise a Conflict of Interest</u>

It is long established that a party must have standing, a threshold issue, to give a court jurisdiction to hear a motion, including a motion for disqualification of opposing counsel.   To satisfy the standing requirements pursuant to Article III of the United States Constitution, the party invoking federal jurisdiction must show:

3

(1) they has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the [opposing party]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Wilbur v. Locke,* 423 F.3d 1101, 1107 (9th Cir.2005) (internal quotation marks omitted); see also *Bras v. Cal. Pub. Utils. Comm'n,* 59 F.3d 869, 872 (9th Cir.1995).

"Injury in fact requires more than an injury be a cognizable interest, the party seeking review must himself be among the injured." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563, 112 S.Ct. 2130, 2137 (1992) (citing to *Sierra Club v. Morton,* 405 U.S., 727, 734-735, 92 S.Ct., 1361, 1366 (1972)). Here, Plaintiff alleges that the Attorney General, and by extension undersigned counsel, has a conflict of interest in representing the Defendants stemming from undersigned counsel's professional ethical obligations. In *Kasza v. Browner,* 133 F.3d 1159, 1171 (9th Cir.1998), the court stated that it is difficult to understand how a party could have standing to complain about another's representation when that representation has nothing to do with the complaining party. Generally speaking, courts will not disqualify an attorney on the grounds a conflict of interest exists *unless* the client or former client moves for the disqualification. *Kasza v. Browner,* 133 F.3d 1159, 1171 (9th Cir. 1998) (emphasis added) (citing to *United States v. Rogers,* 9 F.3d 1025, 1031 (2d Cir. 1993); *see also In re Yarn Processing Validity Litigation*, 530 F.2d 83 (5th Cir. 1976). Given that Plaintiff's standing can only be determined by consideration of an injury that he has been subject to, undersigned counsel's relationship with the Defendants is clearly outside the scope of facts for that consideration. Plaintiff is simply not a client, past or present, of Counsel's and without a causally-connected injury Plaintiff has no standing to make or bring this motion.

<u>The Attorney General Is Not and Will Not Be Plaintiff's Expert</u>

As to Plaintiff's threat to use Attorney General Horne, or any of his appointed assistants, as an expert, the Attorney General has not been retained as an expert and does not consent to being used as an expert in these proceedings.  An unwilling expert cannot be forced to testify as to newly formed opinions.  *In re Snyder*, 115 F.R.D. 211, 212 (1987).  In fact, an expert witness cannot give an opinion as to the ultimate issue of law, such as Plaintiff's suggestion that the Attorney General would testify that the Rule at issue in his Complaint is unconstitutional.  *U.S. v. Moran*, 493 F.3d 1002, 1008 (2007).   Clearly, Plaintiff's desire to call the Attorney General, or his appointed assistants, as an expert is inappropriate given the lack of consent and the subject matter of the proposed testimony.

<u>Motion for Summary Judgment is Premature and Inapplicable</u>

Plaintiff asks this Court to consider his motion as a Motion for Partial Summary Judgment pursuant to the Federal Rules of Civil Procedure, Rule 56.  In so far as this Court is inclined to consider Plaintiff's motion to constitute a Motion for Summary Judgment, this motion is premature.  A Complaint was filed by Plaintiff on September 27, 2011.  Defendants filed a Motion to Dismiss on October 25, 2011, with a Response and Reply filed by Plaintiff and Defendants respectively thereafter.  As of today's date, this Court has yet to rule on the Motion to Dismiss.  A Motion for Summary Judgment requires the moving party to identify each claim or defense on which summary judgment is sought.  F.R. Civ. P Rule 56(a).  Here, a complaint has been filed but no Answer is yet required.  The Local Rules of Civil Procedure also require Plaintiff  to accurately state which matters he is entitled to judgment on as a matter of law, in which Plaintiff has failed to comply.  *Id.*  Further, Plaintiff has completely failed to comply with the LR Civ, Rule 56.1(a), which requires Plaintiff to file a Separate Statement of Facts.  Finally, the disqualification of the Attorney General and by extension

undersigned counsel has absolutely no bearing on the merits of the case, to which a Motion for Summary Judgment applies.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's Motion to Disqualify Attorney General be denied.

RESPECTFULLY SUBMITTED this 5th day of December, 2011.

THOMAS C. HORNE
Attorney General

s/ Pamela J. Linnins
Pamela J. Linnins
Assistant Attorney General
Attorneys for Defendant

## CERTIFICATE OF SERVICE

 X  I hereby certify that on December 5, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

 X  I hereby certify that on December 5, 2011, I caused the attached document to be delivered to the Honorable G. Murray Snow.

 X  I hereby certify that on December 5, 2011, I caused the attached document to be served by first class mail to:

P. Mike Palmer
18402 N. 19th Avenue #109
Phoenix, AZ  85023
602-513-3738
Pro Se

2450648